UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| TINA CATES,<br><br>                        Plaintiff,<br>v.<br>BRUCE D. STROUD, et al.,<br>                        Defendants. | Case No. 2:17-cv-01080-GMN-PAL<br><br>ORDER<br><br>(Mot Amd Complt – ECF No. 14) |

Before the court is Plaintiff's Motion for Leave to File First Amended Complaint (ECF No. 14).to Amend. The court has considered the motion and attached proposed amended complaint, defendants' Opposition (ECF No. 15), and plaintiff's Reply (ECF No. 16).

The court entered a Discovery Plan and Scheduling Order (ECF No. 9) on August 31, 2017, which required the parties to make their initial disclosures by September 13, 2017, and set an October 13, 2017 deadline to file motions to amend the pleadings or add parties. Counsel for plaintiff received approximately 100 pages of defendants' initial disclosures on September 13, 2017, and drafted a first amended complaint based on information learned from the documents. Plaintiff seeks leave to amend arguing Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend "shall be freely given when justice so requires." The district court may deny leave to amend only in certain circumstances. *See Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008). In this case none of these circumstances exist. The motion was promptly filed; plaintiff has engaged in no bad faith and has no dilatory motive; there have been no repeated failures to cure deficiencies to the original complaint; there would be no undue prejudice to the opposing parties; and amendment would not be futile.

Defendants oppose the motion acknowledging that the motion to amend was timely filed. Defendants also acknowledge that leave to amend should be liberally granted. However,

1

defendants argue that plaintiff cannot provide or prove any set of facts that would constitute a valid and sufficient claim for an equal protection claim. Specifically, with respect to the claim based on violation of her visiting privileges, prisoners are not a suspect or protected class. It is well settled that prisoners have no constitutional right while incarcerated to contact visits or conjugal visits. In the absence of an allegation of a violation of a fundamental right or the existence of a suspect classification, prison officials need only show that their policies bear a rational relation to a legitimate penological interest to satisfy the Equal Protection Clause. Here, plaintiff is not a suspect or protected class as a prison visitor and does not allege a violation of a fundamental right. Moreover, plaintiff admits in her proposed amended complaint that Nevada Department of Corrections Personnel "had reason to believe" she "was attempting to introduce drugs into the institution." The court should therefore deny her motion for leave to file a first amended complaint.

Plaintiff replies that her first amended complaint states a prima facie cause of action for an equal protection claim. The fact that she is not a member of a protected class for purposes of this case does not bar her Fourteenth Amendment claim. The essence of her claim is what the United States Supreme Court has termed a "class of one" equal protection claim. The ninth cause of action of her proposed first amended complaint alleges plaintiff did nothing to violate her NDOC visiting privileges, and that defendant still suspended her visiting privileges indefinitely without legitimate cause. Plaintiff alleges defendants treated her differently from other similarly situated visitors who had done nothing to violate their NDOC visiting privileges and were therefore allowed to retain them. Accordingly, she states a prima facie case for denial of her rights to equal protection under the Fourteenth Amendment and the court should grant her leave to amend.

As an initial matter, the court notes that the proposed amended complaint does *not* "admit" that NDOC "had reason to believe" plaintiff "was attempting to introduce drugs into the institution" as the defendants' opposition claims. To the contrary, the proposed amended complaint states that *an NDOC officer stated* he had reason to believe she was doing so and plaintiff "emphatically denied the allegations and consented to a cursory search of her person." Amended Complaint ¶ 18 &19. She alleges she was taken to was taken to an area where she was ordered to remove all of her clothing, remove her tampon and bend over and spread her buttocks.

2

*Id.* at ¶ 20-24. After this humiliating procedure nothing illegal was discovered and she was not provided with a replacement tampon which caused her to bleed through her clothing. *Id.* at ¶ 25-26. Defense counsel is admonished for misrepresenting the content of plaintiff's proposed amended complaint to the court. In the light most favorable to defense counsel, he may have scanned rather than read the proposed amended complaint. However, the court will simply not tolerate conduct of this nature. To ensure no further misrepresentations will occur, the court will direct that the lawyer who signed defendants' opposition provide a copy of this order to his supervisor, and file a certificate of compliance with the court within 14 days.

Turning to the merits of the motion to amend, in exercising its discretion whether to grant leave to amend, the district court is guided by Rule 15(a), which provides that "leave shall be freely given when justice so requires." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). "Generally, this determination should be performed with all inferences in favor of granting the motion." *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). Futility alone can justify the denial of a motion for leave to amend. *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004). "However, denial on this ground is rare and courts generally defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Clarke v. Upton*, 703 F. Supp. 2d 1037, 1043 (E.D. Cal. 2010) (citation omitted); *see also* Rutter Group Prac. Guide Fed. Civ. Pro. Before Trial at § 8:1514. Futility is "often more appropriately raised in a motion to dismiss rather than in an opposition to a motion for leave to amend." *Stearns v. Select Comfort Retail Corp.*, 763 F. Supp. 2d 1128, 1154 (N.D. Cal. 2010) (citation omitted).

Having reviewed and considered the moving and responsive papers, the court will grant the motion.

Accordingly,

**IT IS ORDERED** that the Motion for Leave to File First Amended Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 (ECF No. 14) is **GRANTED**. The plaintiff shall separately file and serve the proposed amended complaint attached to the motion.

**IT IS FURTHER ORDERED** that counsel for the defendants who signed the opposition to the motion shall provide a copy of this order to his supervisor, and file a certificate of compliance with this order with the court by **November 9, 2017**.

DATED this 26th day of October, 2017.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE